IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TAJH DAVIS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No: 25-CV-02488 |
| ) | |
| JOHNSON COUNTY, ) | |
|     Defendant. ) | |

### JOHNSON COUNTY'S ANSWER TO COMPLAINT

**COMES NOW**, Defendant, Johnson County, Kansas, hereinafter referred to as JOCO, by and through counsel undersigned, Joni Cole, and submits the following Answer and Affirmative Defenses to Plaintiff's Complaint [Doc. 1]. To the extent any allegation is not expressly admitted, it is denied.

**Parties, Jurisdiction, and Venue**

1. Defendant admits the allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. With respect to paragraph 3, Defendant admits that Plaintiff filed an EEOC Charge on or about November 2, 2023, alleging violations of Title VII related to the Sheriff's Office, and that Plaintiff references Exhibit A; Defendant denies any characterization inconsistent with the exhibit's text and denies the merits of the charge.

4. In answering paragraph 4, Defendant admits that the EEOC issued a "Notice of Right to Sue" on or about May 29, 2025, and that Plaintiff references Exhibit B; Defendant denies any characterization inconsistent with the notice's text.

5. Paragraph 5 is admitted to the extent that Plaintiff alleges federal-question jurisdiction under 28 U.S.C. § 1331; however, the existence of subject-matter jurisdiction is a legal conclusion to which no response is required.

6. Paragraph 6 is admitted in that Plaintiff alleges venue under 28 U.S.C. § 1391(b)(2); venue is a legal conclusion to which no response is required.

## Facts Common to all Counts

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant denies the allegations as set forth in paragraph 12.

13. Defendant denies the allegations as set forth in paragraph 13.

14. Defendant admits that Plaintiff emailed Sergeant Valdez on July 17, 2023; Defendant denies any characterization of content or implications beyond the document's existence.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant is without sufficient information to admit or deny the averments contained in paragraph 16, and therefore denies the same.

17. Defendant admits the allegations contained in paragraph 17.

18. Defendant admits the allegations contained in paragraph 18.

19. Defendant is without sufficient information to admit or deny the averments contained in paragraph 19 and therefore denies the same.

20. Defendant is without sufficient information to admit or deny the averments contained in paragraph 20 and therefore denies the same.

21. Defendant admits that Plaintiff and Bright met at the Operations Center in New Century on August 8, 2023, and denies the remaining allegations contained in paragraph 21.

22. Defendant admits the allegations contained in paragraph 22.

23. Defendant is without sufficient information to admit or deny the averments contained in paragraph 23 and therefore denies the same.

24. Defendant is without sufficient information to admit or deny the averments contained in paragraph 24 and therefore denies the same.

25. Defendant is without sufficient information to admit or deny the averments contained in paragraph 25 and therefore denies the same.

26. Defendant admits the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant is without sufficient information to admit or deny the averments contained in paragraph 31.

## Count I

32. Defendant reasserts and incorporates by reference the responses to paragraphs 1 thorough 31 above, as if fully set forth herein.

33. Defendant admits the allegations contained in paragraph 33.

34. Defendant admits the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

## Count II

42. Defendant reasserts and incorporates by reference the responses to paragraphs 1 thorough 41 above, as if fully set forth herein.

43. Defendant admits the allegations contained in paragraph 43.

44. Defendant admits the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

## Count III

52. Defendant reasserts and incorporates by reference the responses to paragraphs 1 thorough 51 above, as if fully set forth herein.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

## Affirmative Defenses

Further answering the Complaint [Doc. 1]:

62. Defendant denies each and every other averment unless specifically admitted herein.

63. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

64. Plaintiff's claims are barred, in whole or part, by applicable statutes of limitations, charge-filing deadlines, scope-of-charge limitations, and exhaustion requirements,

including but not limited to the scope of EEOC Charge No. 563-2023-03532 and the 90-day suit-filing period.

65. Any employment actions concerning Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons.

66. Defendant exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities.

67. The alleged conduct, even if assumed true for purposes of this defense, was not sufficiently severe or pervasive to alter the terms and conditions of employment or create a hostile work environment as a matter of law.

68. Defendants maintained and enforced policies prohibiting discrimination, harassment, and retaliation; provided avenues to complain; and conducted fair, impartial investigations with exoneration where appropriate. Defendants always acted in good faith and in accordance with the law.

69. Plaintiff cannot establish a causal link between any protected activity and a materially adverse action.

70. Plaintiff voluntarily resigned on August 23, 2023, and therefore cannot establish termination or other materially adverse employment action attributable to Defendant.

71. Plaintiff suffered no damages caused by Defendants. Alternatively, Plaintiff failed to mitigate damages, which bars or reduces any recovery of backpay or other monetary relief.

72. Plaintiff's admitted untruthfulness and policy violations limit or bar certain remedies under applicable law.

73. Plaintiff's claims for punitive damages and other remedies are barred or limited by Title VII and applicable law.

74. Defendant asserts all applicable immunities, limitations, and damages caps under federal and Kansas law, including those applicable to a political subdivision.

75. Defendant reserves the right to assert any additional defenses revealed during discovery.

**WHEREFORE,** having fully answered the Complaint **(Doc. 1),** Defendant respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment in Defendant's favor, award Defendant its costs as allowed by law including reasonable attorney fees, and grant such other relief that the Court deems just and proper under the circumstances.

## Demand for Jury Trial

Defendant demands a jury trial on Plaintiff's claims.

Respectfully Submitted,

/s/ Joni Cole
Joni Cole, KBN 24798
Assistant County Counselor
Johnson County Legal Dept.
111 S. Cherry, Ste. 3200
Olathe, Kansas 66061-3441
(913) 715-1900 / FAX: (913) 715-2471
Joni.Cole@jocogov.org
Attorney for the Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of November, 2025, a copy of the foregoing was electronically filed with the Clerk of the U.S. District Court for the District of Kansas, and a service copy was served electronically on the following:

Ivan L. Nugent (24512)
Jeff Klusmeier (27365)
4520 Main Street, Suite 700
Kansas City, Missouri 64111
inugent@knmlaw.com
jklusmeier@knmlaw.com
ATTORNEYS FOR PLAINTIFF

/s/ Joni Cole
Attorney for Defendant JOCO